Filed 8/19/24  In re P.A. CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re P.A., a Person Coming Under the Juvenile Court Law. | B333923 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | Los Angeles County Super. Ct. No. 19LJJP00900D |
| Plaintiff and Respondent, | |
| v. | |
| A.P., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Kristen Byrdsong, Commissioner.  Affirmed.

Sarah Vaona, under appointment by the Court of Appeal, for Defendant and Appellant.

Tarkian & Associates and Arezoo Pichvai for Plaintiff and Respondent.

———————————

A mother appeals the order of the juvenile court that terminated her parental rights to her daughter P.A, who is now about two and a half years old and has never lived with the mother. The mother claims the court erred in finding the parental-benefit exception did not apply to her relationship with P.A. (See *In re Caden C.* (2021) 11 Cal.5th 614, 631–632 (*Caden C.*).)

To prove the *Caden C.* exception applies, the mother must establish that: (1) she visited her child regularly; (2) a substantial, positive, and emotional attachment existed between her and the child; and (3) terminating this attachment would be detrimental to the child. (*Caden C., supra*, 11 Cal.5th at pp. 631, 636.)

We review decisions on the first two elements for substantial evidence. We review the third element for abuse of discretion. (*Caden C., supra*, 11 Cal.5th at pp. 639–640.) Both standards are deferential. We resolve all conflicts in the evidence in favor of the dependency court's ruling, draw all reasonable inferences from that evidence in favor of the ruling, and do not reweigh evidence or credibility findings. (*Estate of Berger* (2023) 91 Cal.App.5th 1293, 1307.)

We review the court's ruling, not its reasoning. If the ruling was correct on any ground, we affirm. (*In re Jonathan B.* (1992) 5 Cal.App.4th 873, 875.)

The juvenile court found the mother had not satisfied parts two or three of the *Caden C.* test, and the section 366.26, subdivision (c)(1)(B)(i) exception therefore did not apply. Code citations are to the Welf. & Inst. Code.

2

Substantial evidence supports the first finding, and the court did not abuse its discretion in making the second.

At the time of P.A.'s birth, the mother tested positive for alcohol. A security guard at the hospital relayed to a social worker that he heard mother telling someone on the phone she had consumed alcohol a few days earlier. The mother told a hospital social worker that she did not drink alcohol at all.

The mother has a history of inappropriate alcohol use; two of her older three children have been diagnosed with fetal alcohol syndrome. P.A. also has a diagnosis of fetal alcohol syndrome. P.A. was removed from her parents' care at the hospital and placed with her current caregiver, who is also the caregiver for the mother's third child. (P.A.'s father is not a party to this appeal.)

The mother visited regularly; a monitor has attended the visits throughout the case.

The court ended reunification services in August 2023. Returning the child to the mother was no longer a possibility. The court properly ordered adoption; the only question was whether the mother could show an exception to adoption existed.

At the section 366.26 hearing in December 2023, the court found the beneficial parental relationship exception under section 366.26, subdivision (c)(1)(B)(i) did not apply, and no substantially positive emotional attachment of the children with their parents outweighed the benefit of permanency.

Having "read and considered the evidence," the court stated it "[did] not find an exception to termination of parental rights exists." The court stated on the record that continuing the relationship as to mother and P.A. would not be beneficial.

3

As the court noted at the hearing, the mother was not able to safely care for P.A. during visits. The court related some examples of this concern: the mother could not handle more than one child at a time, could not reliably change diapers or put on her child's shoe, and appeared unable to focus on P.A. sufficiently during a visit to prevent her from wandering near the street. The court also recalled P.A.'s negative reactions after maternal visits. We need not detail the other evidence, for this support is substantial evidence.

The mother offered little to prove P.A. would suffer detriment should their visits end. At the hearing, and in her briefing to this court, she argued that she and P.A. had many positive interactions during their visits. But she must show more than frequent and loving contact or that her visits were consistent and positive. (*In re Beatrice M.* (1994) 29 Cal.App.4th 1411, 1418; *In re Elizabeth M.* (1997) 52 Cal.App.4th 318, 324.) We thus lack a basis for second guessing the court's determination the child will suffer no detriment from the loss of visits with her mother.

The trial court need not expressly walk through the *Caden C.* analysis step by step. (See *In re A.L.* (2022) 73 Cal.App.5th 1131, 1161.) This court clearly stated its conclusion, which was a sound exercise of discretion enjoying ample support.

### DISPOSITION

The order is affirmed.

WILEY, J.

We concur:

STRATTON, P. J.          GRIMES, J.

4